IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC PRETTY, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:19CV24–HEH
)
MEGHAN F. CAMPBELL, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Eric Pretty, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on July 22, 2019, the Court directed Pretty to file a second particularized complaint within fourteen (14) days of the date of entry thereof. After receiving two extensions, Pretty filed his Particularized Complaint. (ECF No. 27.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A. The first standard includes claims premised upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490

U.S. 319, 327 (1989)). The second standard is analyzed under the familiar requirements of Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Pretty alleges various perceived injustices stemming from his state criminal proceedings and incarceration.[1] Pretty alleges the following:[2]

> Defendant, William Efird, is Richmond Public Defender's Office Head Superintendent. He is legally responsible for the overall operation of the Office of Public Defenders. William Efird directly participated in the violations of the Fourteenth Amendment and the Eighth Amendment due to Virginia Code § 18.2–472, False Entries and Destruction of Records, Abuse of Process, Investigative Misconduct, False Arrest.
> Defendant, Rebecca A. Vauter, is the Director/CEO of Central State Hospital. She is legally responsible for the overall operation of Ward 96–4, and the welfare of all patients that reports abuse by the hospital staff on duty, which get investigated in violation of the Eighth Amendment. She covered-up abuse by staff and stolen items. Legal mail.
> Defendant, LT. Keitt, is a Correctional Officer of the Virginia Department of Corrections who, at all times mentioned in this complaint, held the rank of lieutenant and was assigned to Riverside Regional Jail. He

---

[1] Pretty indicates that he brings his action under the Federal Torts Claim Act ("FTCA"). (Part. Compl. 1.) However, Pretty names no federal officials. Accordingly, any claim under the FTCA is summarily dismissed.

[2] The Court corrects the punctuation and spelling and omits the paragraph numbers in the quotations from Pretty's Particularized Complaint.

is legally responsible for the operation of Riverside Regional Jail. Defendant Lt. Keitt stole legal mail and stopped and covered-up Plaintiff's prisoner grievance procedure, after all items [were] stolen out of room #11 in pod 2D, in violation of the Eighth Amendment and the Fourteenth Amendment.

Defendant, Meghan F. Campbell is a[n] Assistant Commonwealth's Attorney of the Colonial Heights Court System. She is responsible for representing the people of Colonial Heights City to present evidence in court against persons charged with committing crimes. She ha[s] used the courts as a weapon illegally with actions of perjury, investigative misconduct, abuse of process, nondisclosure of evidence, and misconduct in presentation of evidence, in violation of the Eighth Amendment and the Fourteenth Amendment.

Defendant, Commonwealth's Attorney's Office is responsible for representing the people of Colonial Heights, Richmond, and Henrico County. Cases presented by the Commonwealth's Attorneys are tried in the Circuit, General District, and Juvenile Courts. The Commonwealth's Attorney's Office illegal conspired and collaborated to concoct fictitious legal complaints, ineffective warrants, investigative misconduct, abuse of process, abuse of charging function, nondisclosure of evidence, misconduct in plea bargaining process, and misconduct in presentation of evidence to utilize the courts as a weapon to retaliate against Plaintiff Eric Pretty solely in retribution and to cover-up perjury, to put Plaintiff Eric Pretty in the sex offender registry. The actions in violation of the Eighth Amendment, Fifth Amendment, and the Fourteenth Amendment; Va. Code § 18.2–472, False entries and destruction of records by officers and clerk's offices.

Defendant, Richmond Public Defender's Office is people that conduct a legal defense against criminal charges that is called lawyers, to represent the public in the full capacity of an "attorney" on duty. The Defendant, Richmond Public Defender's Office illegally conspired and collaborated to elaborate long-term organized criminal behaviors of blackmail, retaliation, filed fictitious criminal charges with the help of law enforcement and intelligence agencies, investigative misconduct, abuse of process, nondisclosure of evidence, misconduct in plea bargaining process, misconduct at sentencing, and misconduct in presentation of evidence, in violation of the Fifth Amendment, Fourteenth Amendment, and the Eighth Amendment, to cover-up the actions of Va. Code § 18.2–472. Since 11/09/2009 to 09/15/2019 present cases. The Public Defender's Office concocted two ineffective warrants from case numbers JA66074–3, JA66074–4; accused Bernard Becton on or about 03/24/1999 and 03/06/1999 based on the sworn illegally made police report and fictitious statements of Alice H. Winston of the Richmond Police Department on 07/30/2000 at 11:21 a.m. The Plaintiff, Eric Pretty was illegally forced on the Virginia Sex Offender Registry from the first time, while incarcerated for two ineffective

4

warrant[s] and fictitious charges and police reports from case numbers JA066074–15 and JA066074–16 on the "false imprisonment" dates of 04/11/2009 and 06/22/2009.

(Part Compl. 2–5.) Pretty seeks "monetary damages and preliminary injunction relief and a prisoner release order." (Id. at 1.)

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Pretty's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)). For the reasons stated below, Pretty's Particularized Complaint will be dismissed because it is improperly joined, for failure to state a claim upon which relief may be granted, and as frivolous and malicious.

#### A. Defendants Vauter and Keitt are Improperly Joined

Pretty contends that Defendant Vauter is the Director/CEO of Central State Hospital and as such "she is legally responsible for the overall operation . . . and the welfare of patients." (Part. Compl. 2.) At most, Pretty states that she "covered-up abuse by staff and stolen items. Legal Mail." (*Id.*) Pretty indicates that Defendant Keitt is a lieutenant at Riverside Regional Jail and "stole legal mail and stopped and covered-up Plaintiff's grievance procedure." (*Id.* at 3.) Neither of these Defendants and the claims against them are properly joined to those claims alleging errors in his criminal proceedings. As the Court explained to Pretty in the July 22, 2019 Memorandum Order:

5

> Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:
>> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
>> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 20, at 3.) The first named Defendant in this action is Defendant Efird from the Richmond Public Defender's Office. Generally construing Pretty's Particularized Complaint to raise alleged errors in his criminal proceedings, it appears that the Richmond Public Defender's Office, the Commonwealth's Attorney's Office, and Defendant Campbell who is an Assistant Commonwealth's Attorney are properly joined. The claims against Defendants Vauter and Keitt, however, raise claims stemming from Pretty's detention in Central State Hospital and Riverside Regional Jail and pertain to theft of his mail and the grievance procedure and clearly present different factual and legal issues. Accordingly, the claims against Defendants Vauter and Keitt will be dismissed without prejudice because they are improperly joined.

B.  **Prosecutorial Immunity**

Prosecutorial immunity bars Pretty's claims against Defendant Campbell and the Commonwealth's Attorney's Office. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Pretty's vague allegations fail to suggest plausibly that either Defendant Campbell or the Commonwealth's Attorney's Office as an entity engaged in actions that were taken outside of their role as an advocate for the state in his criminal prosecutions. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . .") Thus, Defendant

Campbell and the Commonwealth's Attorney's Office are immune from liability under § 1983 and any claim against these two will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### C. Defense Attorneys are Not State Actors

Pretty faults Defendant Efird and the Richmond Public Defender's Office for various perceived errors in his criminal proceedings. (*See* Part.Compl. 2, 4–5.) In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Pretty's claims against Defendants Efird and the Richmond Public Defender's Office will be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

### IV. THE ACTION IS MALICIOUS

The Court also finds that Pretty fails to bring this action in good faith to vindicate his legal rights, but instead, brings it maliciously, to harass the prosecutors and public

8

defenders responsible for obtaining his convictions. Accordingly, the Court also dismisses this action as malicious and frivolous. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136–38 (E. D. Va. 1997) (citations omitted) (observing that where "the tone of [a prisoner] Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the [those involved in securing his incarceration] and not to rectify any wrong done to him, then the suit is a MALICIOUS one" (quoting *Spencer v. Rhodes*, 656 F. Supp. 458, 363–64 (E.D.N.C. Mar. 19, 1987))).

## V. CONCLUSION

Accordingly, Pretty's claims and the action will be dismissed without prejudice with respect to Defendants Vauter and Keitt. The remaining claims will be dismissed for failure to state a claim, and as legally frivolous and malicious. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

                                                          /s/
                                      HENRY E. HUDSON
Date: Sept. 26, 2019         SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

9